UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BARBARA K. NIXON-TINKELMAN,

                                          Plaintiff,               **ANSWER**

                  - against -                                      08 Civ. 4509 (BSJ)(FM)

NEW YORK CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE and NEW YORK CITY LAW
DEPARTMENT,

                                          Defendants.

------------------------------------------------------------------------x

Defendants New York City Department of Health and Mental Hygiene

("DOHMH") and the New York City Law Department, by their attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, for their Answer to the Complaint, dated May 14,

2008, respectfully allege as follows:

1.       Deny the allegations set forth in paragraph "1" of the Complaint, except

admit that plaintiff purports to proceed as set forth therein and respectfully refer the Court to the

provisions of law set forth therein for a complete and accurate statement of their contents.

2.       Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that plaintiff purports to proceed and seek the relief as set forth therein.

3.       Deny the allegations set forth in paragraph "3" of the Complaint, except

admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

4.       Deny the allegations set forth in paragraph "4" of the Complaint, except

admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

5.       Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff is a

Caucasian female whose current residence of record is located in Queens, New York, that, in 1994, plaintiff was certified as qualified to serve in the position of Associate Staff Analyst in the Non-Competitive Class of the civil service pursuant to NY Civil Service Law § 55-a, and that plaintiff has provided defendant DOHMH with letters purportedly written by her treating physicians concerning plaintiff's medical conditions.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that defendant DOHMH is an agency of the City of New York, and that plaintiff is assigned to work at one of DOHMH's offices located in Manhattan, NY.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that defendant New York City Law Department is an agency of the City of New York.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, except admit that DOHMH has offices in all five boroughs and assigns staff to work sites not controlled by DOHMH personnel.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff works for DOHMH and that her current civil service title is Associate Staff Analyst.

10.      Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff returned to work at DOHMH on or about August 21, 2006, following a period of medical leave.

11.      Deny the allegations set forth in paragraph "11" of the Complaint, except admit that some time after she returned to work on or about August 21, 2006, plaintiff met with Michael Aragon, Deputy Executive Director for Employee/Labor Relations, EEO, Training and

Timekeeping in the Health Care Access and Improvement Division ("HCAI") of DOHMH, in order to discuss her work assignment.

12.    Deny the allegations set forth in paragraph "12" of the Complaint.

13.    Deny the allegations set forth in paragraph "13" of the Complaint.

14.    Deny the allegations set forth in paragraph "14" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of the report referred to in paragraph "14" of the Complaint.

15.    Deny the allegations set forth in paragraph "15" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is "hearing impaired."

16.    Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Alison Jordan currently holds the title of Director of the Bureau of Transitional Health Care Coordination ("THCC"), which is part of DOHMH's Division of Health Care Access and Improvement ("HCAI").

17.    Deny the allegations set forth in paragraph "17" of the Complaint.

18.    Deny the allegations set forth in paragraph "18" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff developed difficulty breathing on or about December 7, 2006, and subsequently visited her physician.

19.    Deny the allegations set forth in paragraph "19" of the Complaint, except admit that beginning on or about January 16, 2007, plaintiff was directed to report to her new work location at 225 Broadway, New York, New York 10007.

20.    Deny the allegations set forth in paragraph "20" of the Complaint.

21.    Deny the allegations set forth in paragraph "21" of the Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, except admit that, on or about March 12, 2007, plaintiff requested, and was granted, permission to take leave from work under the Family and Medical Leave Act ("FMLA").

24.    Deny the allegations set forth in paragraph "24" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's consultations with her physicians.

25.    Deny the allegations set forth in paragraph "25" of the Complaint.

26.    Deny the allegations set forth in paragraph "26" of the Complaint.

27.    Deny the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff was required to undergo a medical evaluation in order to determine her fitness to return to work in April 2007 following her period of medical leave under the FMLA.

28.    Deny the allegations set forth in paragraph "28" of the Complaint.

29.    Deny the allegations set forth in paragraph "29" of the Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Complaint.

31.    Deny the allegations set forth in paragraph "31" of the Complaint, except admit that plaintiff submitted a letter dated April 24, 2007, purportedly written by psychiatrist Dr. Robert Martin, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff returned to work at DOHMH on or about May 21, 2007.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint, except admit that, on May 24, 2007, plaintiff had an altercation with another THCC employee while reporting to DOHMH's Morrisania Health Center ("Morrisania") in the Bronx, and that plaintiff was reprimanded by Alison Jordan for reporting to Morrisania without authorization.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, except admit that plaintiff contacted Michael Aragon regarding Alison Jordan's decision to reprimand plaintiff for reporting to Morrisania without authorization.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, except admit that plaintiff completed and submitted a Request for Reasonable Accommodation in June 2007.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, except admit, upon information and belief, that plaintiff participated in the New York City Employee Assistance Program ("EAP") and that a memorandum dated June 6, 2007, from Claudio Crusco, a counselor with the New York City EAP, was sent to Michael Aragon and Harold Bailey regarding plaintiff's participation in the EAP.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint, except admit that plaintiff met with Louise Cohen, Deputy Commissioner of DOHMH's Division of Health Care Access and Improvement, on June 21, 2007.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the suggestion of plaintiff's union representative..

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint, except admit that a meeting between plaintiff, Louise Cohen, and Alison Jordan was scheduled for July 16, 2007, at 9:30 a.m.

48.     Deny the allegations set forth in paragraph "48" of the Complaint, except admit that the meeting between plaintiff, Louise Cohen, and Alison Jordan, originally scheduled for July 16, 2007, was rescheduled for July 17, 2007, at 3:00 p.m., and that Louise Cohen sent plaintiff a memorandum, dated July 13, 2007, in which she stated that plaintiff had been transferred from the Bureau of Oral Health Programs and Policy ("OHPP") to THCC and discussed plaintiff's request to be reassigned to a work location in Queens.

49.     Deny the allegations set forth in paragraph "49" of the Complaint, except admit that, on or about August 1, 2007, a meeting was held at which plaintiff, Alison Jordan, Sehu Jeppe, Michael Aragon, and Fausto Zapata all were present.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, except admit that Alison Jordan sent plaintiff an e-mail message on August 1, 2007, stating that agency computers were not to be used for personal matters.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint, except admit that plaintiff has applied for several vacant positions within DOHMH.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, except admit that Michael Aragon met with plaintiff and Zapata on or about August 29, 2007, in order to discuss DOHMH's efforts to help plaintiff find an appropriate position in another division within DOHMH, and admit that plaintiff presented Aragon with a list of vacant positions to which she had applied.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, except admit that plaintiff has initiated an action in the Supreme Court of the State of New York, County of New York, in which she asserts claims of disability discrimination under the New York State Human Rights Law ("SHRL") and the New York City Human Rights Law ("CHRL").

59.    Deny the allegations set forth in paragraph "59" of the Complaint.

60.    Deny the allegations set forth in paragraph "60" of the Complaint.

61.    Deny the allegations set forth in paragraph "61" of the Complaint.

62.    Deny the allegations set forth in paragraph "62" of the Complaint, except admit that, in early May 2008, a fire drill was conducted at the DOHMH office located at 225 Broadway, New York, New York 10007.

63.    Deny the allegations set forth in paragraph "63" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff collapsed at work and subsequently was taken to the hospital.

64.    Deny the allegations set forth in paragraph "64" of the Complaint.

65.    Deny the allegations set forth in paragraph "65" of the Complaint.

66.    Deny the allegations set forth in paragraph "66" of the Complaint.

67.    In that paragraph "67" of the Complaint asserts a request for relief, no responsive pleading is required.  To the extent that this paragraph contains allegations of fact, defendants deny those allegations.

68.    In that paragraph "68" of the Complaint does not contain any allegations of fact, no responsive pleading is required.

69.    Deny the allegations set forth in paragraph "69" of the Complaint.

70.    Deny the allegations set forth in paragraph "70" of the Complaint.

## **AS AND FOR A FIRST DEFENSE:**

71.    The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

72.    To the extent that plaintiff is attempting to assert a claim under the Americans with Disabilities Act, plaintiff has failed to exhaust her administrative remedies.

## AS AND FOR A THIRD DEFENSE:

73.    Upon information and belief, the damage claims contained in the Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

## AS AND FOR A FOURTH DEFENSE:

74.    The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A FIFTH DEFENSE:

75.    Neither the New York City Department of Health and Mental Hygiene nor the New York City Law Department are suable entities.

## AS AND FOR A SIXTH DEFENSE:

76.    Defendant New York City Law Department is shielded from suit by the doctrine of absolute immunity.

## AS AND FOR A SEVENTH DEFENSE:

77.    Defendants had legitimate business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

**WHEREFORE,** defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                June 4, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-138
                                        New York, New York 10007
                                        (212) 788-0866
                                        cseacord@law.nyc.gov


                                        By:    _____/S/_____
                                               Christopher A. Seacord (CS 0821)
                                               Assistant Corporation Counsel


To:     Arnold H. Pedowitz, Esq. (By ECF)
        Pedowitz & Meister, LLP
        Attorneys for Plaintiff
        1501 Broadway, Suite 800
        New York, New York 10036
        (212) 403-7321

08 Civ. 4509 (BSJ)(FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA K. NIXON-TINKELMAN,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE and NEW YORK CITY
LAW DEPARTMENT,

Defendants.

## ANSWER

### *MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 2-138*
*New York, New York  10007-2601*

*Of Counsel:  Christopher A. Seacord*
*Tel:  (212) 788-0866*
*Matter No.  2008-019604*

*Due and timely service is hereby admitted.*

*New York, N.Y. ...................................................... , 200 .*.

*Signed ...............................................................................*

*Attorney for ......................................................................*